CASE 4—PETITION EQUITY—FEBRUARY 23.

# Finnell, &c., v. Higginbotham, Trustee, &c.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. DUTY OF PURCHASER TO SEE TO APPLICATION OF PURCHASE MONEY—EQUITABLE LIEN—PREFERRED CLAIMS.—Where a purchaser of land was by a judgment of court made a trustee for the investment of the purchase money for the benefit of others, the beneficiaries had an equitable lien upon the land to secure the investment, and the trustee having failed to make the investment, in the distribution of her estate under the statute against preferences by insolvent debtors the beneficiaries are entitled to have their lien enforced, there being no valid mortgage liens upon the land. But this debt is not a preferred claim under the statute (sec. 7, art. 2, chap. 44, Gen. Stats.), because the trust was not created by deed or will. Nor is it a lien for purchase money. And while it was asserted merely as a preferred claim, the equitable lien may be enforced under the prayer for general relief.

2. HOMESTEAD—PARTIAL TRANSCRIPT.—This court can not revise the judgment of the lower court in so far as it denies to one of the appellants a homestead as against certain mortgages, the pleadings of the mortgagees not being before the court.

3. AN APPEAL FROM A JUDGMENT MERELY CONFIRMING A PREVIOUS JUDGMENT which was final does not authorize this court to review the judgment thus confirmed, there being no appeal therefrom.

R. H. TOMLINSON & W. J. LANDRAM FOR APPELLANTS.

1. The court erred in holding that the claim of appellant, Mattie E. Finnell, was not a preferred claim. (Gen. Stats., chap. 44, art. 2, sec. 7.)

2. Appellant, Ann M. Broaddus, was entitled to her personal exemptions.

W. O. BRADLEY FOR APPELLEES.

1. Debts due as trustee have no priority, unless "the trust be created

by deed or will, duly recorded in the proper clerk's office." (Gen. Stats. chap. 44, art. 2, sec. 7.)

2. Mrs. Broaddus was not entitled to a homestead. The conveyance of the land without restriction passed every interest she had.

3. No claim was made by Mrs. Broaddus in any pleading for exempt personal property. The amended answer offered to be filed can not be considered in the absence of any bill of exceptions or order of court identifying it. (Orth v. Clutz, 18 B. M., 223; Young v. Bennett, 7 Bush, 476; Nolan v. Feltman, 12 Bush, 119.)

4. The judgment denying the exemptions claimed must be affirmed in the absence of the proof heard.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Ann M. Broaddus, by a judgment of the Madison Common Pleas Court, was made trustee for the appellant, Mattie E. Finnell and her children, for the investment of $195, arising out of the sale of certain lands, including a twenty-one-acre tract in Garrard county, Ky. The court, by its commissioner, conveyed her the land, but directed this fund of $195 should be invested by her in real or personal property for the benefit of the appellant, Mattie E. Finnell, and her children. This twenty-one acres of land was impressed with a trust, and an equitable lien existed on it until the trustee executed the trust by investing the fund in either real or personal property for the benefit of her cestui que trust. The trustee having failed to so invest the fund, the cestui que trust can assert a lien in this action as a superior claim to that of her general creditors, and as there were no valid mortgage liens on the twenty-one acres of land, the appellant and her children are entitled to have it enforced. It is insisted by counsel for appellant that this is a preferred claim, under ch. 44, article 2, sec. 7, General Statutes. This construction is not sustained, because the debt is not created by deed or will. Neither is it a lien for purchase money.

It is an equitable lien, which followed the land into the hands of the trustee.

While appellant, Mrs. Finnell, asserted it as a preferred claim against the trust estate, yet, under the prayer for general relief the equitable lien can be enforced.

The court erred in refusing to enforce this lien for the $195 with interest from the 7th day of June, 1887, and in holding that the debt should be classed with the general claims against the estate.

Ann M. Broaddus appeals and asks a reversal of the judgment, because she was not allowed a homestead and certain exempt personal property. It appears from the judgment that there were four mortgages on her land, out of which it is claimed the homestead should be assigned: One to J. B. Carter, one to C. C. Stormes, one to Berea College and one to J. B. Sweeney. None of the pleadings filed in this case by either of the mortgagees are copied into the record, and the judgment is that she is not entitled to a homestead against these mortgages. The judgment shows that by consent of the parties oral proof was introduced on the question of her right to a homestead. No bill of exceptions is made part of the record. With the record as it appears before us we can not reverse the judgment.

It is claimed that the court below erred in refusing to have set apart to Ann M. Broaddus certain personal property as exempt.

The judgment of March 31, 1893, from which the appeal is taken, does not determine the question as to her right to the exemption, except it confirms "a previous judgment of the court," which was final.

By the judgment rendered on the 22d of March, 1893, her exempt property was adjudged to be for the benefit of Sweeney, except such as was embraced by prior mortgages.

There is no appeal from the judgment of March 22, 1893, which determined the question as to her right to the exemption in her personal property.     However, if there was an appeal from it we could not hold that the court erred, because none of the pleadings relating to the question have been made part of the record, in the absence of which we could not determine as to the propriety of the action of the court in giving the exempt personal property to Sweeney.    The pleading of Ann M. Broaddus, which counsel refers to as having been filed on the 16th of March, 1893, in which she claims a homestead and personal property as exempt, does not appear from this record to have been filed.   It is simply marked offered, and there is no order filing it.   It is not part of the record and can not be considered on this appeal.

The judgment as to Ann M. Broaddus is affirmed, and reversed as to Mattie E. Finnell, with direction for further proceedings consistent with this opinion.